In the matter of proceedings under the Mortgage Guaranty Corporation Rehabilitation act affecting NORTH JERSEY TITLE INSURANCE COMPANY.

[Argued May term, 1936. Decided October 2d, 1936.]

*Mr. William Harris,* for the appellants.

*Mr. Merrill Lane,* for North Jersey Title Insurance Company.

*Mr. George F. Losche,* for trustees of North Jersey Title Insurance Company.

The opinion of the court was delivered by

BODINE, J.

The appeal is from an order entered in the court of chancery, which opinion is reported at *120 N. J. Eq. 148.* The order appointed the commissioner of banking and insurance and two other gentlemen trustees for the petitioner, North Jersey Title Insurance Company and its subsidiaries. The order restrained all interested in any way from interferring with the conduct of the business by the trustees. It, of course, stayed the prosecution of all suits, judgments, executions and levies. The petition of the title company, upon which the order was based, alleged that the business had been operated and conducted pursuant to the provisions of chapter 71, *P. L.*

*1933 p. 133,* and the general orders of the commissioner of banking and insurance made pursuant to the provisions of the statute, and that, by reason of the restrictions imposed thereby the liquid assets of the company available for the conduct of its business had been so reduced that it could not operate to the advantage of its creditors, absolute and contingent, the public and its stockholders, and that the then present general business conditions made it impossible to operate and conserve its assets. The prayer of the petition was to the effect that the court adjudicate its sufficiency and appoint trustees under the provisions of chapter 3, *P. L. 1934.*

The court heard the matter on the return of the rule to show cause and being satisfied as to the sufficiency of the proofs entered the order appealed from.

The appellants, three in number, are certificate holders in a series aggregating approximately $817,625. Their interest is proportionately very small. The company has two issues of bonds designated as Series G and I, aggregating approximately $96,000, and it has also outstanding guarantees of the payment of principal and interest upon mortgages in the sum of $1,286,720.

Section 56 of the Insurance act, as amended by the laws of 1931, chapter 244, page 599, provides that, whenever any insurance company shall become insolvent or shall suspend its business for want of funds, or whenever the commissioner of banking and insurance should ascertain that it was exceeding its powers, or violating the law, or that its condition or methods of business were such as to render the continuance of its operation hazardous to the public or to its policy holders, the commissioner of banking and insurance might take possession of the property and business of the company and retain such possession until the company should resume its business, or its affairs should be finally liquidated, as set forth in this section. The commissioner has power to collect debts and claims, and, upon the order of the court of chancery, to compromise debts and claims, to sell property, to defend suits, to pass upon claims subject to appeals to the court of chancery, and to declare dividends on the order of the court. The

statute also provides that in the event the commissioner refuses to act that any creditor or stockholder might apply to the court for an injunction and receiver.

The court of chancery in *Smith* v. *Washington Casualty Insurance Co., 110 N. J. Eq. 122,* held the earlier act constitutional. See, also, *Smith* v. *Monmouth Title and Mortgage Guaranty Co., 110 Id. 117.*

When destructive litigation may be threatened against such companies and there is a necessity for a single administration to conserve the rights of those interested it is apparent that there is legislative authority to provide for an equitable administration. The legislature long also provided in the Corporation act for the administration of the affairs of insolvent general business corporations. In recently providing further by amendment for an equitable administration for the affairs of title guaranty companies unable to safely conduct their business, it did no more than was apparently necessary for the safety of those interested. The act of the court of chancery in appointing trustees, pursuant to the statute, was in all respects proper—the legislature always having had the power to enact laws providing for the equitable winding up of the affairs of insolvent corporations.

It is not necessary to determine whether any of the powers of the court of chancery were impaired by the legislation in question, because that court has acted of its own volition along the lines suggested by the statute. It clearly has such power.

The order appealed from is affirmed.

*For affirmance*—THE CHIEF-JUSTICE, LLOYD, CASE, BODINE, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 11.

*For reversal*—None.